ENOS RAMSEY *v.* H. M. HOOD *et al.*

(*Nashville.* December Term, 1916.)

1. **JUSTICES OF THE PEACE. Jurisdiction. Writs of restitution.**

The jurisdiction of a justice of the peace is purely statutory, since the justice court is not a court of record, and it cannot therefore issue a writ of restitution. (*Post, p.* 599.)

Cases cited and approved: Blair v. Pathkiller, 13 Tenn., 230; Wallen v. Huff, 35 Tenn., 82; Scott v. Newsom, 36 Tenn., 457; Rook v. Godfrey, 105 Tenn., 534; Hickman v. Dale, 15 Tenn., 149.

2. **FORCIBLE ENTRY AND DETAINER. Writ of restitution. Discretion of court.**

The issuance of the writ of restitution, while a right of the party aggrieved, rests within the sound discretion of the court. (*Post, pp.* 599-601.)

Cases cited and approved: Caruthers v. Caruthers, 70 Tenn., 71.

Case cited and distinguished: Beckwith v. Comberland Coal & Coke Co.,—Tenn.,—.

---

FROM FENTRESS.

---

Appeal from the Circuit Court of Fentress County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—C. E. SNODGRASS, Judge.

CONATSER & CASE, for petitioner.

L. T. SMITH, for defendants.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This is a petition filed before a justice of the peace for a writ of restitution. The justice of the peace dismissed the petition, and the matter was carried before the circuit judge by appeal, where he likewise dismissed it upon motion of the defendants. The case was brought to the court of civil appeals, and the action of the circuit judge was affirmed. The case is now before us upon petition for *certiorari* to the judgment of that court.

The facts stated in the petition, in substance, are as follows:

"The question in this case may be thus presented and stated: M. H. Spurling, justice of the peace, in the case of *H. M. Hood et al.* v. *Clarinda Ledford,* for unlawfully and forcibly detaining a tract of land, decided the case against said Clarinda Ledford, and ordered a writ to issue to dispossess the said Clarinda and put Hood in possession of the land. James Roisdon, the successor in office of the justice of the peace, rendering the judgment, issued the writ, and the officer, finding plaintiff in error, Enos Ramsey, in possession of the land, except a house on it, ejected him; Ramsey being in actual possession of the land when the suit of unlawful and forcible detainer was instituted against Clarinda Ledford. Under this state of facts, as justice of the peace James Roisdon issued a writ of possession, under which Ramsey, plaintiff in error, was

ejected from the land.  Has he the jurisdiction to restore him to its possession?''

The foregoing statement of the case is found, in substance, in the briefs of both parties, and from an examination of the opinion of the court of civil appeals, we find it to be correct.  The writ must be denied.  The jurisdiction of a justice of the peace is purely statutory.  It is not a court of record, and is without power to issue a writ of restitution.

A court of record has inherent jurisdiction to correct its mistakes and errors, and hence it has abundant power to issue writs of restitution. *Blair* v. *Pathkiller,* 5 Yerg., 230; *Wallen* v. *Huff,* 3 Sneed, 82, 65 Am. Dec., 49; *Scott* v. *Newsom,* 4 Sneed, 457; *Rook* v. *Godfrey,* 21 Pick., 534; *Hickman* v. *Dale,* 7 Yerg., 149.  But such authority does not exist in a justice of the peace.  It would not do to permit justices of the peace to exercise the jurisdiction claimed in this case.  As stated, their courts are not courts of record, and under our Constitution each justice of the peace in his county has territorial jurisdiction coextensive with the county.

The rights of the parties must necessarily rest within the recollection of the justice of the peace, as he has no records to show them.  Each justice in the county, after the lapse of a long period of time, might well assume to exercise the jurisdiction claimed.

In addition, the issuance of the writ of restitution, while it is a right which belongs to the party aggrieved, rests within the sound discretion of the court awarding

it.  18 Enc. Pl. & Pr., 878; *Caruthers* v. *Caruthers,* 2 Lea, 71; *Blair* v. *Pathkiller,* supra; *Beckwith* v. *Cumberland Coal & Coke Co.,* December term, 1902.

In the last case the court declined to issue the writ of restitution because at the time the bill was filed "the defendant was in possession of the land, having been placed there by the circuit court through writ of possession already mentioned.  Inasmuch, however, as we can see from the proceedings of the circuit court filed in this cause that the writ was sought in that case under a proceeding to which the complainants were not parties, and under an assessment made to persons under whom they did not claim, and inasmuch as it is not shown that the person in whose name the land was assessed ever had any interest in it, we have concluded to let the possession rest as it now is.  Under the circumstances, it would seem to be a mere slavish adherence to a technicality to restore defendants to possession and compel complainants to resort to a petition in the circuit court for restitution.  What has been done was erroneously done, because the chancellor had no legal right to order the issuance of a writ of restitution under the circumstances; but it has been done, and practical justice has been attained, and we shall not disturb the result or interfere with the matter further than to tax the complainants with all the costs."

In the case of *Caruthers* v. *Caruthers,* supra, Mrs. Caruthers had been dispossessed of a large boundary of land by an erroneous decree passed by the chancellor, and on her application for writs of restitution

Ramsey v. Hood.

the court restored her to only ten acres of the land, less than the amount of which she was originally in possession, because it could be seen from her testimony that that was all she was entitled to. A number of cases are cited in the Enc. Pl. & Pr., supra, from the States of Alabama, California, Illinois, Kentucky, Maryland, Massachusetts, Michigan, Mississippi, Nevada, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Texas, West Virginia, Wisconsin, and England, as sustaining the text to the effect that:

"Whether there ought to be restitution in any particular case is a question addressed to the sound discretion of the court."

We, therefore, hold that justices of the peace are without jurisdiction to issue writs of restitution, because they are not courts of record, and because their jurisdiction is purely statutory. Writ declined.